Christine M. GIERLINGER, Plaintiff,

v.

NEW YORK STATE POLICE, Thomas Constantine, Individually and in his capacity as Superintendent of the New York State Police, William H. Anton, Individually and in his capacity as Director of Personnel of the New York State Police, Joseph M. Abate, Individually and in his capacity as Staff Inspector for the New York State Police, Joseph Ricotta, Individually and in his capacity as Staff Inspector for the New York State Police, John Gleason, Individually and in his capacity as Major and Troop Commander of Troop "A" of the New York State Police, George R. Berger, Individually and in his capacity as Captain of the New York State Police, David M. O'Connor, Individually and in his capacity as Captain of the New York State Police, Charles J. McCole, Individually and in his capacity as Lieutenant of the New York State Police, Peter F. Rougeux, Individually and in his capacity as Sergeant of the New York State Police, Gary W. Rowe, Individually and in his capacity as Sergeant of the New York State Police, Ronald J. Kucinski, Individually and in his capacity as Sergeant of the New York State Police, Thomas Anticola, Individually and in his capacity as Sergeant of the New York State Police, John C. Ensell, Individually and in his capacity as Investigator of the New York State Police, Defendants.

No. CIV–89–686E.

United States District Court,
W.D. New York.

May 31, 1990.

Pamela H. Thibodeau, Buffalo, for plaintiff.

Peter B. Sullivan, NYS Asst. Atty. Gen., Buffalo, for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

This is an employment discrimination action brought under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Fourteenth Amendment to the federal Constitution; Article I, section 11 of New York's Constitution; section 40–c of New York's Civil Rights Law; section 296 of New York's Executive Law and a pair of common law tort theories (tortious abusive discharge and intentional infliction of emotional distress). The plaintiff is a former New York state trooper who had been terminated in March 1988, prior to the end of her one-year probationary period. She alleges in her Amended Complaint that she was subject to sexual harassment during her state police academy training period and that she was terminated on account of her sex and in retaliation for having filed administrative complaints of harassment.

The defendants have presently moved to dismiss several aspects of the Amended Complaint under Fed.R.Civ.P. rule 12(b)(6), claiming (1) that the Eleventh Amendment bars this Court from assuming jurisdiction over the state law claims, (2) that defendant New York State Police is immune from suit on all but the Title VII claim, (3) that the individual defendants are not subject to suit in their official capacities, (4) that the Amended Complaint lacks allegations specific as to which conduct by which defendant is being complained of and (5) that the prayer for punitive damages is not cognizable under Title VII.

In response, the plaintiff concedes that the New York State Police is not subject to suit for any but the Title VII claims. She also concedes that the Eleventh Amendment bars damages against the individual defendants in their official capacities and that damages are unavailable under Title VII. But she asserts that her prayers for prospective injunctive relief are not barred. The plaintiff further avows that the constitutional claims are well-stated against the individual defendants, but seeks leave to amend if they are not. Finally, she maintains that this Court may properly exercise pendent jurisdiction over the state law claims.

■ Resolution of the Eleventh Amendment issues should precede consideration of the sufficiency of the plaintiff's allegations. Absent specific congressional derogation of state sovereign immunity or express consent by the state, a suit against a state "or one of its agencies or departments" is jurisdictionally barred by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman* ("*Pennhurst*"), 465 U.S. 89, 100–102, 104 S.Ct. 900, 907–909, 79 L.Ed.2d 67 (1984); *see Eng v. Coughlin*, 858 F.2d 889, 896 (2d Cir. 1988). Defendant New York State Police is a division in the executive department of New York—*see* section 210 of New York's Executive Law—and is therefore immune from all claims, both federal and state, save the Title VII claim. Congress has overridden state's sovereign immunity respecting Title VII claims—*Fitzpatrick v. Bitzer*, 427 U.S. 445, 452, 96 S.Ct. 2666, 2669, 49 L.Ed.2d 614 (1976)—but not respecting constitutional claims brought under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, — U.S. —, 109 S.Ct. 2304, 2310, 105 L.Ed.2d 45 (1989). And New York has not, at least insofar as this Court has been made aware, expressly consented to suit under any of the theories advanced in this action.

■ As a general rule, suits against state officials are also barred by the Eleventh Amendment when the state is the real, substantial party in interest. *Pennhurst, supra*, 465 U.S. at 101, 104 S.Ct. at 908. One straightforward aspect of this rule instructs that state officials cannot be sued in their official capacities for violations of state law. *Papasan v. Allain*, 478 U.S. 265, 277, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); *see Derechin v. State University of New York* ("*Derechin*"), 731

F.Supp. 1160, 1164 (W.D.N.Y.1989). On the other hand, as counsel for the plaintiff has pointed out, where a suit charges a violation of federal law or the federal Constitution, state officials may be sued in their official capacities for *prospective* equitable relief for *ongoing* violations of federal law. *Papasan v. Allain, supra,* 478 U.S. at 276–278, 106 S.Ct. at 2939–2940; *see Ex parte Young,* 209 U.S. 123, 159–160, 28 S.Ct. 441, 453–454, 52 L.Ed. 714 (1908). Yet, here there has not been alleged an ongoing violation of federal law, only a series of violations "over a period of time in the past." *See Papasan v. Allain, supra,* 478 U.S. at 278, 106 S.Ct. at 2940. All of the various claims must be dismissed as against the individual defendants in their official capacities. Such claims remain viable, however, as to the individual defendants in their individual capacities, both for damages and for injunctive relief. *See Papasan v. Allain, supra,* 478 U.S. at 278 fn. 11, 106 S.Ct. at 2940 fn. 11.

Turning to consideration of the sufficiency of the allegations in identifying each defendant's purported misconduct, this Court agrees that, without greater specification as to which defendant did what, it is impossible for any of the defendants to formulate an answer. However, leave to further amend the Amended Complaint, so as to remedy this defect by supplying a more definite statement of the plaintiff's claims, will be granted. *See* Fed.R.Civ.P. rules 12(e) and 15(a). Finally, while the Title VII claim may proceed against each of the defendants—*see Fitzpatrick v. Bitzer, supra*—only equitable relief is available thereunder. *Derechin, supra,* at 1164. The prayer for punitive damages for violation of Title VII will be stricken.

Accordingly, it is hereby ORDERED that the prayer for punitive damages under the Title VII claim is dismissed, that the Amended Complaint is dismissed as against the New York State Police and also against the individual defendants in their official capacities and that the plaintiff is granted leave to amend her Amended Complaint within thirty days of the filing of this decision, so as to provide a more definite statement regarding each defendant's specific misconduct.